IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-50821
Conference Calendar

_____

DON RAY WHITE,

Plaintiff-Appellant,

versus

ROBERT O'CONNOR,
U.S. Magistrate,
United States Magistrate Judge,

Defendant-Appellee.

- - - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-96-CA-821
- - - - - - - - - - -
February 21, 1997

Before SMITH, EMILIO M. GARZA, and PARKER, Circuit Judges.

PER CURIAM:[*]

Don Ray White, Texas prisoner # 512713, appeals the district court's dismissal of his action. White argues that Magistrate Judge O'Connor and Judge Prado are liable for damages under 42 U.S.C. §§ 1983 and 1985 because they improperly conspired to deny White's second federal habeas petition. White's claim calls into question the validity of his conviction and sentence and may not be considered in a § 1983 action under Heck v. Humphrey, 114

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

S. Ct. 2364, 2372 (1994) because White has not demonstrated that his conviction and sentence have been invalidated.

Even though this complaint is subject to dismissal under Heck, "it remains appropriate for district courts to consider the possible applicability of the doctrine of absolute immunity." Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994). Defendants, Magistrate Judge O'Connor and Judge Prado, are entitled to absolute immunity from suit for damages in § 1983 actions arising out of acts performed in the exercise of their judicial functions. Graves v. Hampton, 1 F.3d 315, 317 (5th Cir. 1993).

White's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. 5th Cir. R. 42.2. We previously warned White that frivolous appeals could result in sanctions against him. See White v. Scott, No. 96-40394 (5th Cir. Aug. 1, 1996). Accordingly, White is BARRED from filing any pro se, in forma pauperis, civil appeal in this court without the prior written approval of a judge of this court in active service. Further, he is BARRED from filing any pro se, in forma pauperis, initial civil pleading in any court which is subject to this court's jurisdiction, without advance written permission of a judge of the forum court. The clerk of this court and the clerks of all federal district courts subject to the jurisdiction of this court are directed to return to White, unfiled, any attempted submission inconsistent with this bar.

APPEAL DISMISSED; SANCTIONS IMPOSED.